Tim Schultz Executive Director Department of Local Affairs 1313 Sherman St., Room 518 Denver, Colorado 80203
Dear Mr. Schultz:
This opinion letter is in response to your November 11, 1988 letter, in which you inquired whether Colorado is a right to work state.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the question:
Whether the provisions of the Colorado Labor Peace Act, or any other law, causes Colorado to be properly described as a "right to work" state?
No.
ANALYSIS
The origin of the phrase "right to work" is often attributed to a 1941 Dallas Morning News editorial which urged the adoption of an amendment to the federal constitution protecting the right of employees to work without coercion with respect to joining a labor union. See William B. Ruggles,Dallas Morning News, Tuesday, January 12, 1965, "An Open Letter to the President." However, the phrase "right to work" has developed over the past 50 years primarily in connection with state constitutional or statutory provisions permitted by section 14(b) of the National Labor Relations Act of 1935, 29 U.S.C. § 164(b) (1988). As commonly understood, a "right to work" state is one which, either by constitutional or statutory provision, prohibits contractual terms conditioning employment on membership in or financial support of a labor organization. See generally, Anno.,Validity and Construction of Right to Work Laws, 92 A.L.R.2d 598, 599; Note, International Union ofthe Plumbing Pipefitting Industry Local 141 v. NLRB:Closing the Door on Representation Fees in Right to WorkStates, 1983 Wisc. L. Rev. 1231, 1231 n. 2; Eissinger,The Right to Work Imbroglio, 51 N.D. L. Rev. 571, 573 n. 8, 575 (1975). See also, e.g., UnitedSteelworkers of America v. Johnson, 830 F.2d 924, 925 (8th Cir. 1987); Meade Electric Co. v. Hagberg,129 Ind. App. 631, 159 N.E.2d 408, 413-14 (1959).
Colorado has neither a constitutional nor a statutory provision prohibiting labor agreements which condition employment upon membership in or support of a labor union. In 1958, Colorado voters rejected the opportunity to amend their constitution to explicitly include such a provision.[1] The Colorado Labor Peace Act, (the "CPLA"), §§ 8-3-101 to 124, C.R.S. (1986), which was enacted in 1943 as a comprehensive labor relations regulatory scheme, 1943 Colo. Sess. Laws, does not include such a provision either. The CPLA provides, in pertinent part:
 An employer shall not be prohibited from entering into an all-union agreement with the representative of his employees . . . if such all union agreement is approved by the affirmative vote of at least a majority of all employees eligible to vote or three quarters or more of the employees who actually voted whichever is greater . . . in favor of such all union agreement. . . .
Section 8-3-108(1)(c)(I), C.R.S. (1986) (emphasis added).
Because this provision only regulates, rather than prohibits, union security agreements, Colorado does not qualify as a "right to work" state. Building Construction Trades Council v.American Builders, Inc., 139 Colo. 236, 337 P.2d 953, 960
(1959). See also Communications Workers ofAmerica v. Western Electric Co., 198 Colo. 128, 551 P.2d 1065
(1976).
SUMMARY
An agreement requiring membership in a labor organization as a condition of employment is, under certain circumstances, permitted in this state. The Colorado Labor Peace Act explicitly provides that employers "shall not be prohibited" from entering such agreements, provided certain preconditions are met. Consequently, Colorado does not fall within the traditional meaning of a "right to work" state.
Sincerely,
 DUANE WOODARD Attorney General
LABOR UNIONS ELECTIONS EMPLOYEES
§ 8-3-101 to 124 (1986) 29 U.S.C. §§ 141-187 (1988)
LOCAL AFFAIRS DEPT.
Colorado is not a right to work state. The Colorado Labor Peace Act explicitly authorizes execution of agreements conditioning employment on union membership or financial support if a qualifying referendum has been voted favorably upon by a majority of employees eligible to vote or 3/4 of those voting.
[1] A proposal on the ballot would have amended article II of the Colorado Constitution to prohibit any employer from entering into or extending any contract or agreement excluding any person from employment or continuing employment because of membership or non-membership in any labor union or labor organization. This initiative was defeated soundly on November 4, 1958, by a vote of 200,319 in favor and 318,480 opposed. The State of Colorado,Abstract of Votes Cast, Nov. 4, 1958, page 17.